UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JAN 03 2014
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EUGENE H. MATHISON, | CIV. 12-4156 |
| Petitioner, | |
| - vs - | MEMORANDUM OPINION AND ORDER RE: ESTOPPEL AND BAIL |
| DAVID BERKEBILE, Warden, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

In a Memorandum Opinion and Order dated December 20, 2013, (Doc. 21) this Court made a preliminary determination that the Respondent was estopped from asserting his lack of in personam jurisdiction defense, but allowed the Respondent until December 31, 2013, to be heard on the issue of judicial estoppel before the Court made its final determination. The Respondent has not filed any pleading regarding the issue of estoppel. The Court having fully considered the matter makes its final determination that judicial estoppel applies to the issue of in personam jurisdiction, and that this Court has jurisdiction to consider the Section 2241 petition in this case.

In the Memorandum Opinion and Order dated December 20, 2013, the Court ordered that Mathison's Motion for Bail (Doc. 4) would be held in abeyance pending the Court's consideration of Respondent's submission regarding estoppel. Since the Respondent presented no submission on estoppel and since the Court has made its final determination regarding estoppel and in personam jurisdiction, the Court will make its findings and rule on Mathison's Motion for Bail.

In the context of a state prisoner seeking federal habeas relief the Eighth Circuit has stated, " 'In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his

[or her] application for a writ of habeas corpus.' " *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (quoting *In re Wainwright*, 518 F.2d 173, 174 (5th Cir.1975)). The Eighth Circuit noted in *Martin* that habeas petitioners are rarely granted release on bail, and that release on bail pending the disposition of a habeas petition, or pending appeal,[1] requires a habeas petitioner to show a substantial federal constitutional claim and the existence of some circumstance making his request exceptional and deserving of special treatment in the interests of justice. *Martin v. Solem*, 801 F.2d at 330.

This Court has determined that Mathison has made a solid claim for relief with regard to at least some of his money laundering convictions. The Court has also determined that it would resentence Mathison to less than it originally sentenced Mathison based on at least some of his money laundering convictions being invalid under *United States v. Santos*, 553 U.S. 507 (2008). Mathison's release date is in December of 2014. Since Mathison does not have a substantial sentence left to serve, the Court finds that his case is exceptional and deserving of special treatment in that granting the motion for bail is likely necessary to make the habeas remedy effective.

In addition, this Court finds by clear and convincing evidence that Mathison is not likely to flee or pose a danger to the community. Mathison is seventy-six years old and has reported health problems. Mathison also has ties to the community and a history of appearing for his court dates. Accordingly,

IT IS ORDERED:

1. That Petitioner Mathison is released on bail without surety pending the final resolution of his § 2241 petition; and

2. That upon his release, Petitioner Mathison shall report to the United States

---

[1] Federal Rule of Appellate Procedure 23(b)(3) allows a district court pending review of a decision not to release a prisoner in a habeas corpus procedure to release the prisoner on personal recognizance with or without surety. Federal Rule of Appellate Procedure 23(c) requires the release of a prisoner in a habeas corpus procedure pending review of a decision ordering release unless a court orders otherwise.

Probation and Pretrial Services in Sioux Falls, South Dakota, and shall abide by all conditions imposed by that office.

Dated this 3rd day of January, 2014.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY